Jon Niermann, *Chairman*
Emily Lindley, *Commissioner*
Bobby Janecka, *Commissioner*
Erin E. Chancellor, *Interim Executive Director*



TEXAS COMMISSION ON ENVIRONMENTAL QUALITY

*Protecting Texas by Reducing and Preventing Pollution*

## DECLARATION OF GREGG EASLEY

I, Gregg W. Easley, hereby declare as follows:

1. I am the Manager of the Water Quality Assessment Section in the Water Quality Division of the Texas Commission on Environmental Quality (TCEQ). I have served in this capacity since 2014 and have been employed by TCEQ since 2000. As part of my duties, I am responsible for overseeing the implementation of the Clean Water Act (CWA) in Texas related to administration of the state's National Pollutant Discharge Elimination System permitting program and Section 401 water quality certifications.

2. Based on my position, I have personal knowledge and experience to understand many of the steps Texas must undertake in response to the U.S. Environmental Protection Agency's (EPA) and U.S. Army Corps of Engineers' (Corps) *Revised Definition of "Waters of the United States" published on January 18, 2023 (Rule)*.

3. Texas' water quality is protected through the policy of the State of Texas, which is to maintain the quality of water in the state consistent with the public health and enjoyment, the propagation and protection of terrestrial and aquatic life, and the operation of existing industries, taking into consideration the economic development of the state; to encourage and promote the development and use of regional and areawide waste collection, treatment, and disposal systems to serve the waste disposal needs of the citizens of Texas; and to require the use of all reasonable methods to implement this policy. Texas Water Code § 26.003.

4. According to the Texas Water Code (TWC), TCEQ is "the agency with primary responsibility for implementation of water quality management functions, including enforcement actions, within the state. Texas Water Code § 26.0136. Additionally, all waters in Texas receive protection of their water quality through the Texas Surface Water Quality Standards in 30 Texas Administrative Code (TAC) Chapter 307. Specifically, TCEQ is responsible, in cooperation with other state agencies, for maintaining water quality in Texas' lakes, rivers, and streams

P.O. Box 13087  •  Austin, Texas 78711-3087  •  512-239-1000  •  tceq.texas.gov

How is our customer service?  tceq.texas.gov/customersurvey
printed on recycled paper
**EXHIBIT 5**

so that the state's Surface Water Quality Standards are complied with.

5. For CWA Section 402 permitting, Texas was delegated authority for the Texas Pollutant Discharge Elimination System (TPDES) in 1998. Texas had an existing program prior to delegation and continues to protect waters in Texas through state regulations. TCEQ's program is equivalent to the National Pollutant Discharge Elimination System (NPDES) under CWA Section 402 and is adopted under TWC Chapter 26, and implemented through TWC Chapter 26, Texas Health and Safety Code Chapter 361, and applicable TCEQ rules contained in the TAC. EPA approved TCEQ's TPDES program, as provided in Section 402(b) and corresponding EPA regulations, as meeting all CWA requirements, and the program is operated in accordance with the CWA as amended, applicable federal regulations, applicable TCEQ legal authority, and applicable state statutes and rules, taking into consideration published EPA policy.

6. TCEQ is responsible for conducting CWA Section 401 certification reviews to ensure that Texas is involved in decisions made by the federal government that affect the quality of Texas' water resources. TCEQ is the lead state agency that administers the Section 401 certification program in Texas, except for activities related to oil and gas exploration, development, and production, which is the responsibility of the Railroad Commission of Texas. The primary focus of TCEQ's Section 401 certification program is the Corps' Section 404 permit applications for the discharge of dredged or fill material into waters of the United States, including wetlands. The purpose of the Section 401 certification reviews is to determine whether a proposed discharge will comply with the Texas Surface Water Quality Standards. TCEQ state certifications are governed by 30 TAC Chapter 279.

7. Under the CWA's certification program, Texas must review each discharge to a water and certify for all CWA permits that the discharge will comply with the State's surface water quality standards. 33 U.S.C. § 1341(a)(1).

8. In Texas, as in many states, the Corps conducts CWA Section 404 Dredge and Fill permitting. As an example of how the Rule will affect Texas, anyone seeking to discharge dredge or fill material into a water subject to the Rule is required to obtain a permit under Section 404 of the CWA from the Corps. A prerequisite to a Section 404 permit is a Section 401 water quality certification. As a result, the regulated community will need to seek clarity regarding the revised definition's impact on permits, and TCEQ will need to devote additional resources to clarifying questions

regarding Section 401 certification reviews.

9. The Rule does not provide regulatory clarity because of the increased uncertainty introduced by the Rule itself and the administrative process used to propose and finalize the rule. Extensive litigation and continuous rulemakings have contributed to the uncertainty and confusion of the definition of "waters of the United States" (WOTUS). States have dedicated time and resources toward maintaining situational awareness of the status of jurisdiction in a particular state or region, a difficult task due to the patchwork of litigation and rulemakings initiated from 2015 through 2023. Effective water quality management is predicated upon clear and transparent processes, including engagement of stakeholders and affected parties. The extensive litigation and continuous rulemakings are contrary to these ideals and harm state agency water quality management programs in addition to creating a confusing and unpredictable regulatory framework for regulated entities and landowners.

10. TCEQ already protects Texas' water quality through its existing program that has been in place prior to delegation of the CWA Section 402 permitting program, making any extension of the scope and definition of WOTUS redundant.

11. Texas will face significant regulatory uncertainty if the Rule is allowed to take effect while the litigation over the Rule continues. Without a stay of the Rule, the regulated community and the public will be subject to a moving target of competing definitions and uncertain agency jurisdiction.

12. Texas will be harmed by the application of the Rule due to the loss of unrecoverable state resources resulting from the confusion and inefficiencies that will result from the redundant and arbitrary regulatory requirements the Rule imposes.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 3rd day of February, 2023 in Austin, Texas.

_____
Gregg W. Easley