# EXHIBIT 1

**to**

**Applicant-Intervenor-Defendant's Motion to Intervene**

*U.S. Southern District Galveston Division Civil Action No. 3:23-cv-17*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, RAILROAD COMMISSION OF TEXAS, TEXAS DEPARTMENT OF AGRICULTURE, TEXAS GENERAL LAND OFFICE, and TEXAS DEPARTMENT OF TRANSPORTATION | § § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:23-cv-17 |
| U.S. ENVIRONMENTAL PROTECTION AGENCY; MICHAEL S. REGAN, in his official capacity as ADMINSTRATOR OF U.S. ENVIRONMENTAL PROTECTION AGENCY; U.S. ARMY CORPS OF ENGINEERS; LIEUTENANT GENERAL SCOTT A. SPELLMON, in his official capacity as CHIEF OF ENGINEERS AND COMMANDING GENERAL, U.S. ARMY CORPS OF ENGINEERS; and MICHAEL L. O'CONNOR, in his official capacity as the ASSISTANT SECRETARY OF THE ARMY (CIVIL WORKS) | § § § § § § § § § § § § § § § § | |
| Defendants, | § § | |
| BAYOU CITY WATERKEEPER, | § § § | |
| Applicant-Intervenor-Defendant. | § | |

**PROPOSED ANSWER OF PROPOSED APPLICANT-INTERVENOR-DEFENDANT**

EXHIBIT 1

Pursuant to Federal Rule of Civil Procedure 8, Applicant-Intervenor-Defendant Bayou City Waterkeeper, Inc. ("the Waterkeeper") respectfully submits this Answer to the Plaintiffs' Complaint in civil action number 3:23-cv-17, *State of Texas et al. v. U.S. Environmental Protection Agency et al.*, DKT. 1.

The headings and subheadings in the Complaint do not contain allegations that require a response. To the extent a response is required, the Waterkeeper denies the allegations contained in the headings and subheadings.

The introductory paragraph preceding the first numbered paragraph characterizes the contents of the Complaint, which is the best evidence of its contents. Any allegations contrary to the Complaint's plain language and meaning are denied. To the extent this paragraph characterizes the final administrative rule entitled "Revised Definition of 'Waters of the United States'" (the "Final Rule"), the Final Rule is the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied.

## INTRODUCTION

1.     The first sentence of Paragraph 1 characterizes the contents of the Complaint, which is the best evidence of its contents. Any allegations contrary to the Complaint's plain language and meaning are denied. The Waterkeeper admits that the Final Rule was signed by Administrator Regan on December 29, 2022, and Assistant Secretary Connor on December 28, 2022, and was published in the Federal Register at 88 Fed. Reg. 3004, on

2

EXHIBIT 1

January 18, 2023. The Waterkeeper admits that prior to adopting the Final Rule, the United States Environmental Protection Agency ("EPA") and the United States Army Corps of Engineers ("USACE") published a Proposed Rule. The Proposed Rule, attached as an exhibit, speaks for itself and is the best evidence of its contents. Any allegations contrary to the Proposed Rule's plain language and meaning are denied.

2.     The first two sentences of Paragraph 2 characterize provisions of the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the Act's plain language and meaning are denied. The third sentence of Paragraph 2 contains conclusions of law to which no response is required.

3.     Paragraph 3 contains conclusions of law to which no response is required.

## THE PARTIES

4.     Paragraph 4 contains conclusions of law to which no response is required, but to the extent Paragraph 4 is deemed to contain factual allegations, the Waterkeeper lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations. The Waterkeeper avers that the state constitutional, statutory, and legislative provisions cited in Paragraph 4 speak for themselves and are the best evidence of their contents.

5.     Paragraph 5 contains conclusions of law to which no response is required, but to the extent Paragraph 5 is deemed to contain factual allegations, the allegations are vague and ambiguous and therefore require no response. The Waterkeeper avers that the

3

EXHIBIT 1

state statutory provisions cited in Paragraph 5 speak for themselves and are the best evidence of their contents. The Waterkeeper admits that Texas has been authorized to administer the National Pollutant Discharge Elimination System program since 1998 and that the Texas Commission on Environmental Quality submitted comments on the Proposed Rule.

6.      Paragraph 6 contains conclusions of law to which no response is required, but to the extent Paragraph 6 is deemed to contain factual allegations, the allegations are vague and ambiguous and therefore require no response. The Waterkeeper avers that the state statutory provisions cited in Paragraph 6 speak for themselves and are the best evidence of their contents. The Waterkeeper admits that the Railroad Commission of Texas submitted comments on the Proposed Rule.

7.      Paragraph 7 contains conclusions of law to which no response is required, but to the extent Paragraph 7 is deemed to contain factual allegations, the Waterkeeper lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations. The Waterkeeper avers that the state statutory provisions cited in Paragraph 7 speak for themselves and are the best evidence of their contents. The Waterkeeper admits that the Texas Department of Agriculture submitted comments on the Proposed Rule.

8.      Paragraph 8 contains conclusions of law to which no response is required, but to the extent Paragraph 8 is deemed to contain factual allegations, the Waterkeeper

4

EXHIBIT 1

lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. The Waterkeeper avers that the state constitutional and statutory provisions cited in Paragraph 8 speak for themselves and are the best evidence of their contents.

9.      Paragraph 9 contains conclusions of law to which no response is required, but to the extent Paragraph 9 is deemed to contain factual allegations, the Waterkeeper lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them. The Waterkeeper avers that the state statutory provisions cited in Paragraph 9 speak for themselves and are the best evidence of their contents. The Waterkeeper admits that the Texas Department of Transportation submitted comments on the Proposed Rule.

## DEFENDANTS

10.      Paragraph 10 contains conclusions of law to which no response is required. The Waterkeeper admits that EPA is a federal agency.

11.      The Waterkeeper admits that Michael S. Regan is the Administrator of EPA and that Administrator Regan signed the Final Rule on December 29, 2022.

12.      Paragraph 12 contains conclusions of law to which no response is required. The Waterkeeper admits that USACE is a federal agency.

13.      The Waterkeeper admits that Lieutenant General Scott A. Spellmon is the Chief of Engineers and Commanding General for USACE.

EXHIBIT 1

14.     The Waterkeeper admits that Michael L. Connor is the Assistant Secretary of the Army for Civil Works, and that Assistant Secretary Connor signed the Final Rule on December 28, 2022.

## JURISDICTION AND VENUE

15.     Paragraph 15 contains conclusions of law to which no response is required.

16.     Paragraph 16 contains conclusions of law to which no response is required.

## ARGUMENT

17.     Paragraph 17 contains conclusions of law to which no response is required. The second sentence of Paragraph 17 contains a quotation from a provision of the Clean Water Act. That provision speaks for itself and is the best evidence of its contents, and therefore the excerpted quotation in the second sentence of Paragraph 17 requires no response.

18.     Paragraph 18 contains conclusions of law to which no response is required. To the extent Paragraph 18 characterizes provisions of the Clean Water Act, those provisions are the best evidence of their contents, and any allegations contrary to the provisions' plain language and meaning are denied.

19.     The Waterkeeper lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, second, and last sentences of Paragraph 19, and therefore denies those allegations. The remainder of Paragraph 19 contains citations to published court decisions, studies referenced in a published court decision, provisions of

6

EXHIBIT 1

the Clean Water Act, and provisions of the federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the plain language and meaning of those published court decisions, studies, the Clean Water Act, and the federal regulations implementing the Clean Water Act are denied.

20.    Paragraph 20 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the published court decision's plain language and meaning are denied.

21.    Paragraph 21 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

22.    Paragraph 22 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

23.    Paragraph 23 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the published court decision's plain language and meaning are denied.

24.    Paragraph 24 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the published court decision's plain language and meaning are denied.

EXHIBIT 1

25.     Paragraph 25 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the published court decision's plain language and meaning are denied.

26.     Paragraph 26 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the published court decision's plain language and meaning are denied.

27.     The Waterkeeper admits that the Supreme Court heard oral argument in *Sackett v. Envtl. Prot. Agency*, No. 21-454 on October 3, 2022. To the extent the first sentence of Paragraph 27 characterizes *Sackett v. Envtl. Prot. Agency*, the record in that case is the best evidence of its contents. Any allegations contrary to the record's plain language and meaning are denied. The remainder of Paragraph 27 contains vague and ambiguous allegations and therefore requires no response. Footnote 1 characterizes *Sackett v. Envtl. Prot. Agency*, which speaks for itself and is the best evidence of its contents. Any allegations contrary to that case's plain language and meaning are denied.

28.     The first sentence of Paragraph 28 characterizes a provision of the federal regulations implementing the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the provision's plain language and meaning are denied. The remainder of Paragraph 28 contains vague and ambiguous allegations and therefore requires no response. The Waterkeeper admits that EPA and USACE issued guidance documents between 1986 and 2015.

8

EXHIBIT 1

29.    The first and second sentences of Paragraph 29 characterize provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied. The remainder of Paragraph 29 characterizes published court decisions, which are the best evidence of their contents. Any allegations contrary to the published court decisions' plain language and meaning are denied. The Waterkeeper admits that EPA and USACE repealed the final rule at 80 Fed. Reg. 37,054 (June 29, 2015) ("2015 Rule").

30.    The Waterkeeper admits that EPA and USACE adopted the Navigable Waters Protection Rule ("2020 Rule") in 2020. The second sentence of Paragraph 30 characterizes the 2020 Rule, which is the best evidence of its contents. Any allegations contrary to the 2020 Rule's plain language and meaning are denied. The remainder of Paragraph 30 characterizes published court decisions, which are the best evidence of their contents. Any allegations contrary to the published court decisions' plain language and meaning are denied.

31.    Paragraph 31 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

32.    Paragraph 32 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

9

EXHIBIT 1

33.     Paragraph 33 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

34.     Paragraph 34 and Footnote 3 characterize provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

35.     Paragraph 35 and Footnote 4 characterize provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

36.     Paragraph 36 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

37.     Paragraph 37 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

38.     Paragraph 38 and Footnote 5 characterize provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

EXHIBIT 1

39.    Paragraph 39 and Footnote 6 characterize provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

40.    Paragraph 40 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

41.    Paragraph 41 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

42.    Paragraph 42 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

43.    Paragraph 43 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

44.    Paragraph 44 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

EXHIBIT 1

45.     Paragraph 45 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

46.     Paragraph 46 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

47.     Paragraph 47 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

48.     Paragraph 48 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

49.     Paragraph 49 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

50.     Paragraph 50 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

EXHIBIT 1

51.     Paragraph 51 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

52.     Paragraph 52 and Footnote 8 characterize provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

53.     Paragraph 53 and Footnote 9 contain vague and ambiguous allegations regarding the Final Rule, and therefore require no response. To the extent Paragraph 53 and Footnotes 9, 10, and 11 contain conclusions of law, no response is required.

54.     Paragraph 54 contains vague and ambiguous allegations regarding the impacts of the Final Rule, and therefore requires no response. To the extent Paragraph 54 is deemed to contain conclusions of law, no response is required.

55.     Paragraph 55 contains vague and ambiguous allegations regarding the impacts of the Final Rule, and therefore requires no response. To the extent Paragraph 55 characterizes the Final Rule, the Rule is the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied. To the extent Paragraph 55 is deemed to contain conclusions of law, no response is required.

56.     Paragraph 56 contains vague and ambiguous allegations regarding the impacts of the Final Rule, and therefore requires no response. To the extent Paragraph 56 characterizes the Final Rule, the Rule is the best evidence of its contents. Any allegations

EXHIBIT 1

contrary to the Rule's plain language and meaning are denied. To the extent Paragraph 56 is deemed to contain conclusions of law, no response is required.

57.     The Waterkeeper lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 57, and therefore denies those allegations. To the extent Paragraph 57 contains conclusions of law, no response is required.

58.     The Waterkeeper lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore denies those allegations. To the extent Paragraph 58 contains conclusions of law, no response is required.

59.     Paragraph 59 contains conclusions of law to which no response is required.

60.     The Waterkeeper incorporates by reference the above responses to Paragraphs 1-59.

61.     Paragraph 61 characterizes the Administrative Procedure Act, which is the best evidence of its contents. Any allegations contrary to the Act's plain language and meaning are denied.

62.     Paragraph 62 contains conclusions of law to which no response is required.

63.     Paragraph 63 contains conclusions of law to which no response is required.

64.     The Waterkeeper incorporates by reference the above responses to Paragraphs 1-63.

EXHIBIT 1

65.     Paragraph 65 characterizes the Administrative Procedure Act, which is the best evidence of its contents. Any allegations contrary to the Act's plain language and meaning are denied.

66.     Paragraph 66 contains conclusions of law to which no response is required.

67.     Paragraph 67 contains conclusions of law to which no response is required. To the extent Paragraph 67 characterizes a published court decision, it is the best evidence of its contents. Any allegations contrary to the published court decision's plain language and meaning are denied. Paragraph 67 also contains vague and ambiguous allegations regarding the impacts of the Final Rule, and therefore requires no response. To the extent they are inconsistent with the Final Rule or the relevant law, the Waterkeeper denies the allegations in Paragraph 67.

68.     The Waterkeeper incorporates by reference the above responses to Paragraphs 1-67.

69.     Paragraph 69 characterizes the Administrative Procedure Act, which is the best evidence of its contents. Any allegations contrary to the Act's plain language and meaning are denied.

70.     Paragraph 70 characterizes a provision of the United States Constitution and several published court decisions, which are each the best evidence of their contents. Any allegations contrary to the Constitution's or the published court decision's plain language

15

EXHIBIT 1

and meaning are denied. To the extent Paragraph 70 is deemed to contain conclusions of law, no response is required.

71.     Paragraph 71 characterizes the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the Act's plain language and meaning are denied. To the extent Paragraph 71 is deemed to contain conclusions of law, no response is required.

72.     Paragraph 72 contains conclusions of law to which no response is required. To the extent Paragraph 72 characterizes the Final Rule, the Rule is the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied.

73.     The Waterkeeper incorporates by reference the above responses to Paragraphs 1-72.

74.     Paragraph 74 characterizes the Administrative Procedure Act, which is the best evidence of its contents. Any allegations contrary to the Act's plain language and meaning are denied.

75.     Paragraph 75 characterizes the Clean Water Act and a provision of the United States Constitution. Any allegations contrary to the Act's or the Constitution's plain language and meaning are denied. Paragraph 75 also contains citations to published court decisions, which are the best evidence of their contents. Any allegations contrary to the published court decisions' plain language and meaning are denied.

16

EXHIBIT 1

76.     Paragraph 76 contains conclusions of law to which no response is required. To the extent Paragraph 76 characterizes the Final Rule, the Rule is the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied.

## PRAYER FOR RELIEF

1.     The remainder of the Complaint constitutes its requests for relief to which no response is required. The Waterkeeper avers that Plaintiffs are not entitled to relief on their claims for relief, and the Court should dismiss those claims with prejudice.

## GENERAL DENIAL

To the extent that any factual allegation in the Complaint has not been admitted or specifically responded to above, the Waterkeeper denies such allegation.

## DEFENSES

1.     The Court lacks jurisdiction over some or all of Plaintiffs' claims.

2.     Plaintiffs have failed to state a claim for relief that can be granted with respect to one or more of the claims set forth in the Complaint.

3.     Plaintiffs lack standing with respect to one or more of the claims set forth in the Complaint.

4.     One or more of the claims set forth in the Complaint is not ripe for adjudication.

EXHIBIT 1

5.     The Waterkeeper reserves the right to raise any defense, including, but not limited to, those expressly found in Federal Rules of Civil Procedure 8(c) and 12, that may be supported by the record in this action.

Dated: February 9, 2022.

Respectfully submitted,

EARTHJUSTICE

By: /s/ *Jennifer Anne Powis*
            Jennifer Anne Powis
            Texas State Bar No. 24041716
            (*Southern District of Texas*
            *Admission renewal forthcoming*)
            *Attorney-in-Charge*

Kristen Schlemmer
Texas State Bar No. 24075029
Southern District No. 2078411
Bayou City Waterkeeper
2010 N. Loop West, Suite 103
Houston, TX 77018
Tel: 512-619-1583
kristen@bayoucitywaterkeeper.org

*Of counsel, Bayou City*
*Waterkeeper*

Caroline Riviere Crow
Texas State Bar No. 24118360
Southern District No. 3686825
845 Texas Ave., Suite 200
Houston, TX 77002
jpowis@earthjustice.org
ccrow@earthjustice.org
Tel: 281-694-5157
Fax: 415-217-2040

Stu Gillespie (*pro hac vice pending*)
633 17th Street, Suite 1600
Denver, CO 80202
sgillespie@earthjustice.org
Tel: 303-996-9616
Fax: 720-550-5757

Adrienne Y. Lee (*pro hac vice*
*pending*)
1001 G St. NW, Suite 1000
Washington, DC 20001

18

EXHIBIT 1

alee@earthjustice.org
Tel: 202-667-4500
Fax: 202-667-2356

*Counsel for Applicant-Intervenor-*
*Defendant Bayou City Waterkeeper*

19

EXHIBIT 1

## CERTIFICATE OF SERVICE

I certify that on February 9, 2023, a copy of this **PROPOSED ANSWER OF PROPOSED APPLICANT-INTERVENOR-DEFENDANT** was served on the counsel stated below through the CM/ECF E-File System and by e-mail.

J. Amber Ahmed
Assistant Attorney General
State Bar No. 24080756
Southern District No. 3135176
amber.ahmed@oag.texas.gov

Mark A. Steinbach
Assistant Attorney General
State Bar No. 24056653
Southern District No. 2705161
mark.steinbach@oag.texas.gov

Logan Harrell
Assistant Attorney General
State Bar No. 24106054
PRO HAC VICE pending
logan.harrell@oag.texas.gov

OFFICE OF THE ATTORNEY
GENERAL
Environmental Protection
Division
P. O. Box 12548, MC-066
Austin, Texas 78711-2548
Tel: (512) 463-2012
Fax: (512) 320-0911

*Counsel for Plaintiffs*

Andrew J. Doyle
*(pro hac vice pending)*
U.S. Department of Justice
Environment & Natural Resources
Division
San Francisco Field Office
450 Golden Gate Avenue,
Room 07-6714
San Francisco, CA 94102
Tel: 415-744-6469
Fax: 202-514-8865
andrew.doyle@usdoj.gov

Elliot Warren Higgins
*(pro hac vice pending)*
U.S. Department of Justice
Environment & Natural Resources
Division
PO Box 7611
Washington, DC 20044
Tel: 202-598-0240
elliot.higgins@usdoj.gov

Sarah Izfar *(pro hac vice pending)*
U.S. Department of Justice
Environment & Natural Resources
Division
P.O. Box 7611
Washington, DC 20044
Tel: 202-305-0490
sarah.izfar@usdoj.gov

EXHIBIT 1

Hubert T. Lee *(pro hac vice pending)*
U.S. Department of Justice
Environment & Natural Resources Division
150 M St. NE Rm 4.1116
Washington, DC 20002
Tel: 202-514-1806
hubert.lee@usdoj.gov

Sonya J. Shea *(pro hac vice pending)*
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Tel: 303-844-7231
sonya.shea@usdoj.gov

*Counsel for Defendants*

*/s/Caroline Crow*

EXHIBIT 1