**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:23-cv-17 (consolidated |
| | § | with No. 3:23-cv-20) |
| | § | |
| UNITED STATES ENVIRONMENTAL | § | |
| PROTECTION AGENCY, et al., | § | |
| | § | |
| Defendants, | § | |
| | § | |
| BAYOU CITY WATERKEEPER, | § | |
| | § | |
| Intervenor-Defendant. | § | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants U.S. Environmental Protection Agency ("EPA"), Michael S. Regan, in his official capacity as Administrator of EPA, U.S. Army Corps of Engineers (the "Corps"),[1] Lieutenant General Scott A. Spellmon, in his official capacity as Chief of Engineers and Commanding General of the Corps, and Michael L. Connor, in his official capacity as Assistant Secretary of the Army (Civil Works) answer the First Amended Complaint ("Complaint") filed by Plaintiffs State of Texas, State of Idaho, Texas Commission on Environmental Quality, Railroad Commission of Texas, Texas

---

[1] EPA and the Corps are referred to collectively herein as the "Agencies."

Department of Agriculture, Texas General Land Office, and Texas Department of Transportation, ECF No. 32.[2]

The allegations in the unnumbered paragraph beginning on page 1 of the Complaint characterize Plaintiffs' Complaint and require no response. The allegations in this unnumbered paragraph also state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants admit that Plaintiffs have filed the Complaint in the above-captioned consolidated proceeding.

## **INTRODUCTION**

1. The allegations in the first clause of the first sentence of paragraph 1 characterize Plaintiffs' Complaint and require no response. To the extent a response is required, Defendants deny the allegations. Defendants admit the allegations in the second clause of the first sentence in paragraph 1, but only to the extent that the Agencies promulgated the rule referenced therein. Defendants admit the allegations in the second and fourth sentence of paragraph 1. In response to the third sentence and the citation following the fourth sentence of paragraph 1, on information and belief, Defendants admit that Plaintiffs appear to have attached the published versions of the final rule entitled "Revised Definition of 'Waters of the United States'," 88 Fed.

---

[2] Topic headings are from the Complaint and incorporated here solely for ease of reference. Their use does not constitute any admission by the Agencies. The headings and subheadings within the Complaint do not contain allegations that require a response. To the extent a response is required, the allegations contained in the headings and subheadings are denied.

Reg. 3004 (Jan. 18, 2023) (the "Final Rule") and the proposed rule, 86 Fed. Reg. 69372 (Dec. 7, 2021) (the "Proposed Rule").[3]

2.   The allegations in the first and second sentences of paragraph 2 characterize the Clean Water Act ("CWA" or "Act"), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the CWA, Defendants deny the allegations.  The allegations in the third sentence of paragraph 2 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

3.   The allegations in the first sentence of paragraph 3 characterize Plaintiffs' Complaint and require no response.  To the extent a response is required, Defendants deny the allegations.  Defendants deny the allegations in the second sentence of paragraph 3.

## THE PARTIES

**A.   Plaintiffs.**

4.   The allegations in paragraph 4 characterize Plaintiff the State of Texas's Complaint and require no response.  To the extent a response is required, Defendants deny the allegations.

5.   The allegations in the first sentence of paragraph 5 characterize Plaintiff Texas Commission on Environmental Quality, and Defendants lack knowledge or

---

[3] The Complaint contains several sentences that solely contain citations.  Because such sentences require no response, Defendants do not count those sentences when referring to sequential sentences within the Complaint.

information sufficient to form a belief as to the truth of such allegations and therefore deny the allegations.  On information and belief, Defendants generally admit the allegations in the second and third sentences of paragraph 5, but deny to the extent the phrase "for decades" in the second sentence is vague and ambiguous.

6.      The allegations in the first and third sentences of paragraph 6 characterize Plaintiff Railroad Commission of Texas, and Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny the allegations.  The allegations in the second sentence of paragraph 6 are vague and ambiguous and on that basis, Defendants deny the allegations.  On information and belief, Defendants admit the allegations in the fourth sentence of paragraph 6.

7.      The allegations in the first sentence of paragraph 7 characterize Plaintiff Texas Department of Agriculture, and Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny the allegations.  On information and belief, Defendants admit the allegations in the second sentence of paragraph 7.

8.      The allegations in paragraph 8 characterize Plaintiff Texas General Land Office, and Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny the allegations.

9.      The allegations in the first and second sentences of paragraph 9 characterize Plaintiff Texas Department of Transportation, and Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny the allegations.  On information and belief, Defendants admit the

allegations in the third sentence of paragraph 9.  Paragraph 9 also contains citations to state statutory provisions, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with these provisions, Defendants deny the allegations.

10.  The allegations in the first sentence of paragraph 10 characterize Plaintiff the State of Idaho's Complaint and require no response.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny the allegations.  On information and belief, Defendants admit the allegations in the second sentence of paragraph 10.

11.  On information and belief, Defendants admit the allegations in the first sentence of paragraph 11 to the extent that Idaho Department of Environmental Quality has delegated authority to administer the National Pollutant Discharge Elimination System program in Idaho.  Defendants, on information and belief, admit the allegations in the second sentence of paragraph 11.

12.  The allegations in paragraph 12 characterize Idaho Department of Lands, and Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny the allegations.  Paragraph 12 also contains citations to state constitutional provisions, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with these provisions, Defendants deny the allegations.

13.     The allegations in paragraph 13 characterize Idaho State Department of Agriculture, and Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny the allegations.

14.     The allegations in paragraph 14 characterize Idaho Department of Transportation, and Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny the allegations.  Paragraph 14 also contains citations to state statutory provisions, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with these provisions, Defendants deny the allegations.

   **B.     Defendants.**

15.     The allegations in paragraph 15 state legal conclusions that require no response.  To the extent a response is required, Defendants admit that EPA is a federal agency of the United States and that EPA administers provisions of the CWA.

16.     Defendants admit the allegations in paragraph 16.

17.     The allegations in paragraph 17 state legal conclusions that require no response.  To the extent a response is required, Defendants admit that the Corps is a subordinate command of the United States Department of the Army and that the Corps administers certain provisions of the CWA.

18.     Defendants admit the allegations in paragraph 18.

19.     Defendants admit the allegations in paragraph 19.

## JURISDICTION AND VENUE

20.   The allegations in paragraph 20 state legal conclusions that require no response.  To the extent a response is required, Defendants deny the allegations.

21.   The allegations in paragraph 21 state legal conclusions that require no response.  To the extent a response is required, Defendants admit that venue is proper should the Court find that jurisdiction is proper.  Otherwise, Defendants deny the allegations.

## BACKGROUND

**A.   The CWA recognizes the States' authority over land and water within its borders.**

22.   The allegations in paragraph 22 characterize the CWA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Defendants deny the allegations.

23.   The allegations in paragraph 23 characterize the CWA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Defendants deny the allegations.

24.   The allegations in the first sentence of paragraph 24 are vague, overbroad, and purport to treat all permit applications the same; therefore, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny the allegations.  The allegations in the second through fourth sentences of paragraph 24 are vague and ambiguous and Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny the allegations.

**B.    The meaning of "waters of the United States" has been examined, and reexamined, by the Supreme Court.**

25.    The allegations in paragraph 25 characterize *The Daniel Ball*, 77 U.S. 557 (10 Wall. 557) (1871), a Supreme Court case which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that case, Defendants deny the allegations.

26.    The allegations in paragraph 26 characterize 33 C.F.R. § 209.120(d)(1) (1974), a federal regulation which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation, Defendants deny the allegations.

27.    The allegations in paragraph 27 characterize a rule entitled "Final Rule for Regulatory Programs of the Corps of Engineers," 51 Fed. Reg. 41206 (Nov. 13, 1986), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the rule, Defendants deny the allegations.

28.    The allegations in paragraph 28 characterize *United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121 (1985), a Supreme Court case which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that case, Defendants deny the allegations.

29.    The allegations in paragraph 29 characterize *Solid Waste Agency of Northern Cook County v. Army Corps of Engineers*, 531 U.S. 159 (2001) ("*SWANCC*"), a Supreme Court case which speaks for itself and is the best evidence of its contents.  To the

extent the allegations are inconsistent with that case, Defendants deny the allegations.

30. The allegations in paragraph 30 characterize *Rapanos v. United States*, 547 U.S. 715 (2006), a Supreme Court case which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that case, Defendants deny the allegations.

31. The allegations in paragraph 31 characterize *Rapanos*, 547 U.S. 715, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that case, Defendants deny the allegations.

32. Defendants admit that the Supreme Court heard oral argument in *Sackett v. EPA*, Case No. 21-454, on October 3, 2022. To the extent the allegations in paragraph 32 and footnote 1 characterize that Supreme Court case or any of the underlying cases, including *Sackett v. EPA*, 8 F.4th 1075 (9th Cir. 2021) (along with the facts of these cases), these cases speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with these cases, Defendants deny the allegations. Defendants deny the remaining allegations in paragraph 32, including Plaintiffs' characterization of the question before the Supreme Court, and the allegations in the first sentence of footnote 1.

## C.  The modern attempts (and failures) of the Agencies to define "waters of the United States."

33. Defendants deny the allegations in paragraph 33. The allegations in footnote 2 are vague and ambiguous and on those grounds, Defendants deny the allegations.

34.   Defendants deny the allegations in the first sentence of paragraph 34 because the 2015 Rule referenced therein, 80 Fed. Reg. 37054 (June 29, 2015) ("2015 Rule"), was a final rule, not a proposed rule.  The allegations in the second through fourth sentences of paragraph 34 characterize the 2015 Rule and three judicial opinions, *Texas v. EPA*, No. 3:15-CV-00162, 2018 WL 4518230 (S.D. Tex. Sept. 12, 2018) (preliminary injunction), *Texas v. EPA*, 389 F. Supp. 3d 497 (S.D. Tex. 2019) (summary judgment), and *Georgia v. Wheeler*, 418 F. Supp. 3d 1336 (S.D. Ga. 2019) (summary judgment), all of which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with these legal authorities, Defendants deny the allegations, including the allegation that the 2015 Rule "was vacated."  Defendants deny the allegations in the fifth sentence of paragraph 34.

35.   Defendants generally admit the allegations in the first sentence of paragraph 35. The remaining allegations in paragraph 35 characterize the Navigable Waters Protection Rule, 85 Fed. Reg. 22250 (Apr. 21, 2020) ("2020 Rule"), and two cases, *Colorado v. EPA*, 989 F.3d 874 (10th Cir. 2021) and *Pascua Yaqui Tribe v. EPA*, 557 F. Supp. 3d 949 (D. Ariz. 2021), *appeal dismissed*, No. 21-16791, 2022 WL 1259088 (9th Cir. Feb. 3, 2022), all of which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with these legal authorities, Defendants deny the allegations.

**D. The Final Rule exceeds the scope of jurisdiction contemplated in the CWA.**

36.     The allegations in paragraph 36 (including subparts A through E) characterize the Final Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Final Rule, Defendants deny the allegations.

### i.     *Traditional Waters.*

37.     The allegations in paragraph 37 state legal conclusions and characterize the Final Rule, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendants deny Plaintiffs' legal conclusions and deny the allegations to the extent they are inconsistent with the Final Rule.

38.     The allegations in paragraph 38 state legal conclusions and characterize the Final Rule, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendants deny Plaintiffs' legal conclusions and deny the allegations to the extent they are inconsistent with the Final Rule.

39.     Defendants deny the allegations in the first and second sentences of paragraph 39. The allegations in footnote 3 state legal conclusions and characterize the Final Rule, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendants deny Plaintiffs' legal conclusions and deny the allegations to the extent they are inconsistent with the Final Rule.

### ii. *Jurisdictional Impoundments.*

40.   The allegations in paragraph 40 and footnote 4 characterize the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Final Rule, Defendants deny the allegations.

41.   Defendants deny the allegation in the first clause of the first sentence of paragraph 41. The remaining allegations in the first three sentences of paragraph 41 characterize the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in the fourth sentence of paragraph 41 state legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in the fifth sentence of paragraph 41.

42.   The allegations in the first and second sentences of paragraph 42 characterize the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Final Rule, Defendants deny the allegations. Defendants deny the allegations in the third sentence of paragraph 42.

### iii. *Jurisdictional Tributaries.*

43.   The allegations in paragraph 43 characterize the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Final Rule, Defendants deny the allegations. Defendants deny the allegations in footnote 5.

44.     Defendants deny the allegations in the second clause of the first sentence of
        paragraph 44, the first clause of the third sentence of paragraph 44, and the first
        clause of footnote 6.  The remaining allegations in paragraph 44 and footnote 6
        characterize the Final Rule, which speaks for itself and is the best evidence of its
        contents.  To the extent the allegations are inconsistent with the Final Rule,
        Defendants deny the allegations.

                    *iv.*     ***Jurisdictional Wetlands.***

45.     The allegations in paragraph 45 characterize the Final Rule, which speaks for itself
        and is the best evidence of its contents.  To the extent the allegations are
        inconsistent with the Final Rule, Defendants deny the allegations.

46.     Defendants deny the allegations in the second clause of the third sentence of
        paragraph 46.  The remaining allegations in paragraph 46 characterize the Final
        Rule, which speaks for itself and is the best evidence of its contents.  To the extent
        the allegations are inconsistent with the Final Rule, Defendants deny the
        allegations.

47.     Defendants deny the allegations in the first two clauses of paragraph 47.  The
        remaining allegations in paragraph 47 (including subparts A through C) characterize
        the Final Rule, which speaks for itself and is the best evidence of its contents.  To
        the extent the allegations are inconsistent with the Final Rule, Defendants deny the
        allegations.

48.     Defendants deny the allegations in the first clause of the first sentence of paragraph
        48.  The remaining allegations in paragraph 48 characterize the Final Rule, which

                                          13

speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Final Rule, Defendants deny the allegations.

49. Defendants deny the allegations in the first clause of the second sentence and deny the allegations in third sentence of paragraph 49. The remaining allegations in paragraph 49 characterize the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Final Rule, Defendants deny the allegations.

50. Defendants deny the allegations in the first clause of the first sentence and deny the allegations in the second sentence of paragraph 50. The remaining allegations in the first sentence of paragraph 50 characterize the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Final Rule, Defendants deny the allegations.

*v.* ***Other Jurisdictional Intrastate Waters.***

51. Defendants deny Plaintiffs' specific characterization of the Final Rule in the first sentence of paragraph 51. The remaining allegations in paragraph 51 characterize the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Final Rule, Defendants deny the allegations.

52. Defendants deny Plaintiffs' specific characterization of the Final Rule in the first sentence of paragraph 52 and deny the allegations in the second sentence of paragraph 52. The remaining allegations in paragraph 52 characterize the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent

14

the allegations are inconsistent with the Final Rule, Defendants deny the allegations.

### vi.     *The Relatively Permanent and Significant Nexus Standards.*

53.    Defendants deny the allegations in paragraph 53.

54.    The allegations in the first two sentences of paragraph 54 characterize the Final Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Final Rule, Defendants deny the allegations.  Defendants deny the allegations in the first clause of the third sentence. The allegations in the second clause of the third sentence characterize the Final Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Final Rule, Defendants deny the allegations.  The allegations in the fourth sentence state legal conclusions that requires no response.  To the extent a response is required, Defendants deny the allegations.

55.    The allegations in paragraph 55 characterize the Final Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Final Rule, Defendants deny the allegations.

56.    The allegations in paragraph 56 characterize the Final Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Final Rule, Defendants deny the allegations.

57.    The allegations in paragraph 57 and footnotes 7 and 8 characterize the Final Rule, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Final Rule, Defendants deny the allegations.

58.    Defendants deny the allegations in the second clause of the first sentence of paragraph 58.  The remaining allegations in paragraph 58 and footnotes 9, 10, and 11 characterize portions of the opinions in *Rapanos v. United States*, 547 U.S. 715 (2006), a Supreme Court case which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that case, Defendants deny the allegations.

**F. The Final Rule harms Texas, Idaho, and their agencies.**

59.    Defendants deny the allegations in paragraph 59.

60.    Defendants deny the allegations in the first and third sentences of paragraph 60. The allegations in the second sentence of paragraph 60 characterize the Tenth Amendment of the U.S. Constitution and *Hess v. Port Authority Trans-Hudson Corp.*, 513 U.S. 30 (1994), which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with these legal authorities, Defendants deny the allegations.

61.    Defendants deny the allegations in paragraph 61.

62.    Defendants deny the allegations in paragraph 62.

63.    Defendants lack knowledge or information sufficient to form a belief as to any projects where permits would be required where they were previously unnecessary,

16

and therefore deny the allegations in the first clause of paragraph 63.  Defendants

deny the remaining allegations in paragraph 63.

64.    Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in the first sentence of paragraph 64 and therefore deny

the allegations.  Defendants deny the allegations in the second and third sentences

of paragraph 64.

65.    Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations in the first and second sentences of paragraph 65 and therefore

deny the allegations.  Defendants deny the allegations in the third sentence of

paragraph 65.

## CLAIMS FOR RELIEF

66.    Defendants deny the allegations in paragraph 66.

**A.    Claim One: The Final Rule is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, in violation of the APA.**

67.    Defendants re-state and incorporate by reference its responses set forth in all

preceding paragraphs as if set forth in full herein.

68.    The allegations in paragraph 68 characterize 5 U.S.C. § 706(2)(A), which speaks for

itself and is the best evidence of its contents.  To the extent the allegations are

inconsistent with the statutory provision, Defendants deny the allegations.

69.    The allegations in the first clause of paragraph 69 characterize the CWA, which

speaks for itself and is the best evidence of its contents.  Defendants deny those

allegations to the extent they are inconsistent with the CWA, and deny the remaining allegations in paragraph 69.

70. Defendants deny the allegations in paragraph 70.

**B.      Claim Two: The Final Rule is in excess of the Federal Agencies' statutory authority, in violation of the APA.**

71. Defendants re-state and incorporate by reference its responses set forth in all preceding paragraphs as if set forth in full herein.

72. The allegations in paragraph 72 characterize 5 U.S.C. § 706(2)(C), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statutory provision, Defendants deny the allegations.

73. Defendants deny the allegations in paragraph 73.

74. Defendants deny the allegations in the first sentence of paragraph 74.  The allegations in sentences two through four of paragraph 74 state legal conclusions that require no response.  They also characterize *West Virginia v. EPA*, 142 S. Ct. 2587 (2022), a Supreme Court case that speaks for itself and is the best evidence of its contents.  To the extent a response is required, to the allegations in sentences two through four and the allegations are inconsistent with *West Virginia*, Defendants deny the allegations.  Defendants deny the remaining allegations in paragraph 74.

**C.      Claim Three: The Final Rule intrudes on Plaintiffs' sovereignty, in violation of the APA, the Tenth Amendment, and the Commerce Clause to the U.S. Constitution.**

75. Defendants re-state and incorporate by reference its responses set forth in all preceding paragraphs as if set forth in full herein.

76.     The allegations in paragraph 76 characterize 5 U.S.C. § 706(2)(B), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statutory provision, Defendants deny the allegations.

77.     The allegations in paragraph 77 characterize the Tenth Amendment of the U.S. Constitution and various cases, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with these legal authorities, Defendants deny the allegations.

78.     The allegations in the first and third sentences of paragraph 78 characterize the CWA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Act, Defendants deny the allegations. Defendants deny the allegations in the second sentence of paragraph 78.

79.     Defendants deny the allegations in paragraph 79.

### D.     Claim Four: The Final Rule intrudes on Plaintiffs' due process rights, in violation of the APA and the Fifth Amendment.

80.     Defendants re-state and incorporate by reference its responses set forth in all preceding paragraphs as if set forth in full herein.

81.     The allegations in paragraph 81 characterize 5 U.S.C. § 706(2)(B), which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statutory provision, Defendants deny the allegations.

82.     The allegations in paragraph 82 characterize the CWA and the Due Process Clause of the Fifth Amendment of the U.S. Constitution, and two cases *Grayned v. City of Rockford*, 408 U.S. 104 (1972) and *Baggett v. Bullitt*, 377 U.S. 360 (1964), which

speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with these legal authorities, Defendants deny the allegations.

83.     Defendants deny the allegations in paragraph 83.

## PRAYER FOR RELIEF

The allegations in this paragraph characterize and describe Plaintiffs' requested relief and do not require a response.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief.

## GENERAL DENIAL

If any allegation is not admitted or specifically responded to, Defendants deny that allegation.

## DEFENSES

1)  One or more of Plaintiffs' claims are not ripe for judicial review.

2)  One or more Plaintiffs have failed to establish their standing under the Administrative Procedure Act, 5 U.S.C. § 702, as a "person suffering legal wrong because of agency action," and/or as a person "adversely affected or aggrieved by agency action within the meaning of a relevant statute."

3)  One or more Plaintiffs have failed to establish their standing under Article III of the U.S. Constitution.

4)  Plaintiffs have failed to state one or more claims for which relief can be granted.

5)  Defendants reserve the right to assert every affirmative or other defense that may be available, including any defenses available under Federal Rules of Civil

Procedure 8 or 12.

Respectfully submitted,

TODD KIM
Assistant Attorney General
ENVIRONMENT AND NATURAL
RESOURCES DIVISION

*Of Counsel:*                                      */s/ Hubert T. Lee (with permission of Andrew J.*
Karyn I. Wendelowski                               *Doyle, Attorney in Charge)*
Elise O'Dea                                        ANDREW J. DOYLE, FL Bar No. 84948;
Environmental Protection Agency                    S.D. Tex. Bar No. 1143161
                                                   *Attorney-in-Charge*
Daniel Inkelas                                     SONYA J. SHEA, CA Bar No. 305917; S.D.
Erica Zilioli                                      Tex. Bar. No. 3835754
U.S. Army Corps of Engineers                       SARAH IZFAR, DC Bar No. 1017796; S.D.
                                                   Tex. Bar. No. 3528936
                                                   HUBERT T. LEE, NY Bar No. 4992145; S.D.
                                                   Tex. Bar No. 3835753
                                                   ELLIOT HIGGINS, NY Bar No. 5737903; S.D.
                                                   Tex. Bar No. 3696295
                                                   United States Department of Justice
                                                   Environmental Defense Section
                                                   P.O. Box 7611
                                                   Washington, DC 20044
                                                   Tel: (415) 744-6469 (Doyle)
                                                   Tel: (303) 844-7231 (Shea)
                                                   Tel: (202) 305-0490 (Izfar)
                                                   Tel: (202) 514-1806 (Lee)
                                                   Tel: (202) 514-3144 (Higgins)
                                                   Fax: (202) 514-8865
                                                   andrew.doyle@usdoj.gov
                                                   sonya.shea@usdoj.gov
                                                   sarah.izfar@usdoj.gov
                                                   hubert.lee@usdoj.gov
                                                   elliot.higgins@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2023, I filed the foregoing using the Court's CM/ECF

system, which will electronically serve all counsel of record registered to use the CM/ECF system.

_____/s/ *Hubert T. Lee*_____