UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| STATE OF TEXAS, et al., § § Plaintiffs, § § v. § § UNITED STATES ENVIRONMENTAL § PROTECTION AGENCY, et al., § § Defendants, § § BAYOU CITY WATERKEEPER, § § Intervenor-Defendant. § | No. 3:23-cv-17 (consolidated with No. 3:23-cv-20) |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
<u>under Rule 26(f) of the</u>
<u>Federal Rules of Civil Procedure</u>

*(Please restate the instruction before furnishing the responsive information.)*

1. State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses. Note: The Rule 26(f) conference must be held in person or by phone, not simply over email.

The parties held the conference on March 22, 2023, by Teams meeting. The following counsel attended:

| Party | Counsel |
|---|---|
| Plaintiffs State of Texas et al. | 1. Amber Ahmed (Texas), TX Bar No. 24080756, S.D. Tex. Bar No. 3135176, amber.ahmed@oag.texas.gov<br>2. Logan Harrell (Texas), TX Bar No. 24106054, |

| | |
|---|---|
| | logan.harrell@oag.texas.gov<br><br>Office of the Attorney General<br>Environmental Protection Division<br>P. O. Box 12548, MC-066<br>Austin, Texas 78711-2548<br>Tel: (512) 463-2012<br>Fax: (512) 320-0911<br><br>3. Joshua Turner (Idaho), MN Bar No. 0400279, josh.turner@ag.idaho.gov<br><br>Office of the Attorney General<br>P.O. Box 83720<br>Boise, Idaho 83720-0010<br>Tel: (208) 334-2400<br>Fax: (208) 854-8071 |
| Plaintiffs American Farm Bureau Federation ("Business Plaintiffs") et al. | 1. Timothy Bishop, IL Bar No. 6198062, tbishop@mayerbrown.com<br><br>71 South Wacker Dr.<br>Chicago, Illinois 60606<br>3120782-0600<br><br>2. James Danford, TX Bar No. 24105775, S.D. Tex NO. 3150442, jdanford@mayerbrown.com<br><br>700 Louisiana St., Suite 3400<br>Houston, TX 77004<br>713-238-2700<br><br>3. Brett Legner, IL Bar No. 6256268, blegner@mayerbrown.com<br><br>71 South Wacker Dr.<br>Chicago, Illinois 60606<br>3120782-0600<br><br>4. Kevin Ranlett, TX Bar No. 24084922, S.D. Tex. No. 1124632, kranlett@mayerbrown.com |

|  |  |
|---|---|
|  | 700 Louisiana St., Suite 3400<br>Houston, TX 77004<br>713-238-2700 |
| Federal Defendants | 1. Andrew Doyle,<br>   FL Bar No. 84948;<br>   S.D. Tex. Bar No. 1143161,<br>   andrew.doyle@usdoj.gov<br><br>2. Elliot Higgins,<br>   NY Bar No. 5737903; S.D. Tex. Bar No. 3696295, elliot.higgins@usdoj.gov<br><br>3. Hubert Lee,<br>   NY Bar No. 4992145; S.D. Tex. Bar No. 3835753, hubert.lee@usdoj.gov<br><br>4. Sarah Izfar,<br>   DC Bar No. 1017796; S.D. Tex. Bar. No. 3528936, sarah.izfar@usdoj.gov<br><br>   United States Department of Justice<br>   Environmental Defense Section<br>   P.O. Box 7611<br>   Washington, DC 20044<br>   Tel: (415) 744-6469 (Doyle)<br>   Tel: (202) 305-0490 (Izfar)<br>   Tel: (202) 514-1806 (Lee)<br>   Tel: (202) 514-3144 (Higgins)<br>   Fax: (202) 514-8865 |
| Defendant-Intervenor Bayou City Waterkeeper | 1. Caroline Crow, TX Bar: 24118360,<br>   S.D. Tex. Bar No. 3686825,<br>   ccrow@earthjustice.org<br><br>   845 Texas Ave., Suite 200<br>   Houston, TX 77002<br>   Tel: 281-694-5157<br>   Fax: 415-217-2040<br><br>2. Stu Gillespie, CO Bar No. 42861,<br>   sgillespie@earthjustice.org |

3

|   | 633 17th St., Suite 1600<br>Denver, CO 80202<br>Tel.: 303-996-9616<br>Fax: 720-550-5757<br><br>3. Adrienne Lee, DC Bar No. 1742666,<br>alee@earthjustice.org<br><br>1001 G St. NW, Suite 1000<br>Washington, DC 20001<br>Tel: 202-667-4500<br>Fax: 202-667-2356 |
|---|---|

2. List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.

Related cases are: *Commonwealth of Kentucky v. EPA*, No. 3:23-cv-7 (E.D. Ky.) consolidated with *Kentucky Chamber of Commerce v. EPA*, No. 3:23-cv-8 (E.D. Ky.); and *State of West Virginia v. EPA*, No. 3:23-cv-32 (D.N.D.). Like these consolidated cases, the related cases involve challenges to the final rule entitled *Revised Definition of "Waters of the United States,"* 88 Fed. Reg. 3004 (Jan. 18, 2023).

3. Briefly describe what this case is about.

Plaintiffs in these consolidated cases challenge the final rule entitled *Revised Definition of "Waters of the United States,"* 88 Fed. Reg. 3004 (Jan. 18, 2023) ("Rule"). The Rule revises the definition of "waters of the United States" in EPA's and the Army Corps of Engineers' regulations. Clean Water Act section 502(7) defines "navigable waters" as "the waters of the United States, including the territorial seas," 33 U.S.C. § 1362(7). The term "navigable waters" and its definition are relevant to the scope of many Clean Water Act programs.

4. Specify the allegation of federal jurisdiction.

Plaintiffs State of Texas and State of Idaho et al. allege federal jurisdiction by virtue of 28 U.S.C. §§ 1331 (federal question), 2202 (further necessary relief), and 5 U.S.C. §§ 701–706 of the Administrative Procedure Act ("APA"). Am. Compl., Dkt. No. 32 ¶ 20. Plaintiffs American Farm Bureau et al. allege federal jurisdiction under 28 U.S.C. § 1331. Am. Compl., No. 3:23-cv-20, Dkt. No. 12 ¶ 11.

5. Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.

4

Federal Defendants reserve their right to assert that the Court lacks jurisdiction (in whole or in part) including but not limited to arguments that the Court lacks jurisdiction to order the requested relief, that Plaintiffs lack Article III standing, and that Plaintiffs' claims are unripe.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

None.

7. List anticipated interventions.

None.

8. Describe class-action issues.

Not applicable.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a)(1). If not, describe the arrangements that have been made to complete the disclosures.

The parties have not made initial disclosures. The parties agree that disclosures of this type are not appropriate in these consolidated cases as explained further in paragraph 10 below.

10. Describe the proposed agreed discovery plan, including:

   a. discovery is needed on the following subjects:

   b. the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party:

   c. the date experts for defendant will be designated and their reports provided to opposing party:

   d. the date discovery can reasonably be completed:

The Parties agree that the Court's review in APA cases is typically limited to the administrative record. On February 24, 2023, Federal Defendants filed the certified index to the Rule's Administrative Record, which includes hyperlinks to record documents on regulations.gov. *See* Dkt. No. 31. At this time, the parties agree that discovery is unwarranted here and are reviewing whether motions related to the completeness of the Administrative Record are appropriate. If and to the extent that jurisdiction exists, this case may be resolved on cross-motions for summary judgment

based on the Administrative Record, after any record-completeness motions are resolved. Federal Defendants have filed an answer to the State Plaintiffs' Amended Complaint, Dkt. No. 61. After responding to the Business Plaintiffs' Amended Complaint, which is due on or before April 17, 2023, the parties will confer on a schedule for further proceedings. As discussed during the parties' conference on March 22, 2023, Defendant-Intervenor Bayou City Waterkeeper will file any responsive pleadings by April 17, 2023.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Not applicable.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

The parties agree that settlement is unlikely in this type of APA case due to the differing views on legal issues and relief requested.

14. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.

The parties have agreed to confer on scheduling and attempt to reach agreement. All parties seek to resolve this case efficiently.

15. From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.

The parties anticipate that, if and to the extent that jurisdiction exists, this case may be resolved on cross-motions for summary judgment. Accordingly, the parties agree that alternative dispute resolution does not seem suitable to this case.

16. With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Magistrate Judge Edison.

The parties do not believe a trial is appropriate for this type of APA case and do not consent to a trial before Magistrate Judge Edison.

17. State whether a jury demand has been made and if it was made on time.

A jury demand has not been made.

18. Specify the number of hours it will take to try this case (including jury selection, presentation of evidence, counsel's opening statements and argument, and charging the jury).

The parties anticipate that, if and to the extent that jurisdiction exists, the case may be resolved on cross-motions for summary judgment.

19. List pending motions that could be ruled on at the initial pretrial conference.

None.

20. List other motions pending.

None.

21. Indicate other matters peculiar to this case, including but not limited to traditional and electronic discovery issues, that deserve the special attention of the court at the conference.

None.

22. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.

Texas Plaintiffs filed their certificate of interested parties on February 2, 2023. Dkt. No. 11. Plaintiffs American Farm Bureau et al. filed their certificate of interested parties on February 2, 2023. Case No. 3:23-cv-20, Dkt. No. 13. Defendant-Intervenor Bayou City Waterkeeper filed their certificate of interested parties on March 23, 2023. Dkt. No. 62. Idaho Plaintiffs filed their certificate of interested parties on March 24, 2023. Dkt. No. 64. Federal Defendants filed their certificate of interested parties on February 14, 2023, Dkt. No. 29, and filed their amended certificate of interested parties on March 24, 2023. Dtk. No. 63.

*/s/ Amber Ahmed*          3/24/2023

Counsel for Plaintiffs State of Texas et al.          Date

| | |
|---|---|
| */s/ Joshua Turner* | 3/24/2023 |
| Counsel for Plaintiff State of Idaho | Date |
| */s/ Timothy Bishop* | 3/24/2023 |
| Counsel for Plaintiffs Am. Farm Bureau Fed'n et al. | Date |
| */s/ Sarah Izfar (with permission of Andrew Doyle)* | 3/24/2023 |
| Counsel for Federal Defendants | Date |
| */s/ Stu Gillespie (with permission of Jennifer Powis)* | 3/24/2023 |
| Counsel for Defendant-Intervenor | Date |

8

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2023, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

                                                                        /s/ *Sarah Izfar*