## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | |
|---|---|
| STATE OF TEXAS, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | No. 3:23-cv-17 (consolidated |
| § | with No. 3:23-cv-20) |
| UNITED STATES ENVIRONMENTAL § | |
| PROTECTION AGENCY, et al., § | |
| § | |
| Defendants, § | |
| § | |
| BAYOU CITY WATERKEEPER, § | |
| § | |
| Intervenor-Defendant. § | |

**DEFENDANTS' MOTION TO STAY THE CASE OR, IN THE ALTNERATIVE, TO EXTEND THE SUPPLEMENTAL BRIEFING DEADLINE BY 14 DAYS**

Defendants respectfully move this Court to stay the case, with Defendants to submit status reports every 60 days. In the alternative, Defendants respectfully move this Court to extend the supplemental briefing deadline by 14 days, to February 26, 2025. *See* ECF No. 134. Defendants seek this relief to allow additional time to brief new leadership regarding the issues raised in this case. Counsel for Defendants has conferred with all parties to this consolidated litigation. Plaintiffs do not oppose Defendants' abeyance request, and Defendant-Intervenor takes no position. Additionally, State Plaintiffs do not oppose Defendants' alternative request of extending the briefing deadline by 14 days.

In support of this motion, Defendants state as follows:

1

1. Plaintiff challenges the Clean Water Act ("CWA") definitional regulations jointly issued in 2023 by the U.S. Environmental Protection Agency and the U.S. Army Corps of Engineers (collectively, the "Agencies"). *See* 33 C.F.R. § 328.3(a)(4), (c)(2) (Corps); 40 C.F.R. § 120.2(a)(4), (c)(2) (EPA); *see also* Revised Definition of "Waters of the United States," 88 Fed. Reg. 3004 (Jan. 18, 2023); Revised Definition of "Waters of the United States"; Conforming, 88 Fed. Reg. 61964 (Sept. 8, 2023). ECF No. 78 (Amended Complaint). Summary judgment briefing is complete. *See* ECF No. 105.

2. On January 31, 2025, the Court ordered the parties to file supplemental briefs on one issue by February 12, 2025. ECF No. 134.

3. The Agencies seek to stay the case or, in the alternative, a 14-day extension of the supplemental briefing deadline, to February 26, 2025, due to the federal government's change in administration on January 20, 2025. There is new leadership in both Agencies. Those incoming leaders are in the process of familiarizing themselves with the issues presented in this case and related litigation. A stay would allow Defendants time to fully brief incoming leaders. The Court's authority to order such an abeyance is well-settled. *See Landis v. North Am. Co.*, 299 U.S. 248, 253 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Requests to continue proceedings to allow time for new leaders to become familiar with cases under their authority are customary. *See Brady Campaign to Prevent Gun Violence v. Salazar*, 612 F. Supp. 2d 1, 10 (D.D.C. 2009)

(noting that an extension of a preliminary injunction briefing schedule was granted after a change in administration).

4. Granting Defendants' requested relief would conserve judicial resources and promote the efficient and orderly disposition of this case, including by ensuring that any supplemental briefing Defendants file with this Court reflects the views of current agency leadership. Other plaintiffs have challenged the regulations in other cases, which are pending, and one court has already temporarily stayed litigation for 75 days. *See White v. EPA*, Case No. 2:24-cv-13 (E.D.N.C.), ECF No 70. In addition, the Agencies requested or intend to request similar relief in other pending cases. *See, e.g.*, *West Virginia v. EPA*, Case No. 3:23-cv-32 (E.D. N.Dak.); *Kentucky v. EPA*, Case No. 3:23-cv-7 (E.D. Ky.), ECF No. 89 (requesting similar relief).

For all these reasons, the Agencies request that the Court grant a stay the case, with status reports due every 60 days.

Dated: February 3, 2025

|  | Respectfully submitted, |
|---|---|
|  | LISA L. RUSSELL<br>Deputy Assistant Attorney General<br>ENVIRONMENT AND NATURAL<br>RESOURCES DIVISION |
| Of Counsel:<br>Karyn I. Wendelowski<br>Elise O'Dea<br>Environmental Protection Agency | */s/ Jin Hyung Lee (filed with permission of Andrew J. Doyle)*<br>ANDREW J. DOYLE (*pro hac vice*)<br>*Attorney-in-Charge*, FL Bar No. 84948<br>SONYA J. SHEA (*pro hac vice*)<br>CA Bar No. 305917 |

| | |
|---|---|
| Daniel Inkelas | SARAH IZFAR (*pro hac vice*) |
| Erica Zilioli | DC Bar No. 1017796 |
| U.S. Army Corps of Engineers | ELLIOT HIGGINS (*pro hac vice*) |
| | NY Bar No. 5737903 |
| | JIN HYUNG LEE (*pro hac vice*) |
| | DC Bar No. 198095 |
| | United States Department of Justice |
| | Environmental Defense Section |
| | P.O. Box 7611 |
| | Washington, DC 20044 |
| | Tel: (415) 744-6469 (Doyle) |
| | Tel: (303) 844-7231 (Shea) |
| | Tel: (202) 305-0490 (Izfar) |
| | Tel: (202) 514-1806 (H. Lee) |
| | Tel: (202) 514-2640 (J. Lee) |
| | Fax: (202) 514-8865 |
| | andrew.doyle@usdoj.gov |
| | sonya.shea@usdoj.gov |
| | sarah.izfar@usdoj.gov |
| | elliot.higgins@usdoj.gov |
| | jin.hyung.lee@usdoj.gov |

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2025, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

*/s/ Jin Hyung Lee*
